FERRIS, Respondent, v. EDMONSTON, Appellant.

St. Louis Court of Appeals, March 19, 1907.

1. **CONTRACTS: Express Contract.** Where the owner of real estate agreed with a plumber that he would pay his part for material and labor furnished by the plumber to lay a pipe and do certain other plumbing work for the owner and the owner of other property adjacent, this was an express contract although the definite sum to be paid for the work could not be ascertained until it was completed.

2. ———: ———: **Evidence.** In an action on such contract, it was competent for the plaintiff to prove both what the work cost and what it was reasonably worth.

3. ———: **Meeting of Minds: Prima Facie Case.** In an action on a contract for labor and material furnished in doing certain plumbing work for defendant, the evidence is examined and held sufficient to show a "meeting of minds" upon the contract sued on.

4. **PRACTICE: Instruction: Ground Covered.** A party can not be heard to complain of the refusal of an instruction if the same point is covered by another instruction. Nor can a party complain of an instruction which is not prejudicial to him or is erroneous in his favor.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Edmonston & Stallings* for appellant.

*Fry & Rodgers* for respondent.

GOODE, J.—This case was filed before a justice of the peace, whence it went by appeal to the circuit court and thence to this court. Plaintiff sued to recover $27.90 as the defendant's part of the cost of laying a water pipe and putting in a stop box in front of his property. The water main from which the lateral pipe was laid, ran along the south side of Central avenue, an east and west thoroughfare, in the city of Mexico, Missouri. This avenue is intersected at right angles by Clark avenue, a north and south thoroughfare. Defendant lived on lot 31, which abuts on the east side of Clark avenue, north of Central. The corner lot immediately south of defendant's is lot thirty-two and we understand is vacant. North of defendant's lot is number thirty, which is the home of Mrs. Mary Norris. Plaintiff's lot is one hundred and fifty feet wide and the record suggests, but does not say, that the lots on either side are of the same width. Mrs. Norris wanted water brought from the south side of Central avenue to her house. In order to get it there it was necessary to carry a pipe northward from the main on the south side of Central avenue, past lot thirty-two and lot thirty-one on which defendant resided, and thence into Mrs. Norris's house, through lot thirty on which she resided. Plaintiff was a plumber who did such work and was asked by the agent of Mrs. Norris to lay pipes so as to take the water into her house. The agent suggested that plaintiff endeavor to get defendant to join in the enterprise so as to lessen the cost to Mrs. Norris. Plaintiff acted on the

suggestion, but at first he and defendant could not agree on the price to be paid, as defendant objected to paying any part of the charge for laying the pipe in front of his lot because it was only necessary to come to the southwest corner of it in order for defendant to tap the street pipe with a service pipe to convey water into his premises.   He did not object to helping defray the cost of getting the water past the vacant corner lot, that is number thirty-two.   The result of the treaty between plaintiff and defendant was that the latter should pay his part of the cost of laying the pipe from the main on the south side of Central avenue, to the southwest corner of his lot; Mrs. Norris to bear her part of the cost of that work and all the expense of laying the pipe from said corner to a connection with her house.   After an agreement had been reached with defendant, it was necessary to use a lateral pipe of larger diameter than would have been required if no property but Mrs. Norris's was to be supplied with water.   Plaintiff did the work of tapping the main and laying the pipe northward on Clark avenue, past defendant's property to Mrs. Norris's and thence into her house.   He put a stop box at the southwest corner of defendant's lot by defendant's direction.   The foregoing statement is according to the testimony for plaintiff, and tends to prove an agreement by defendant to pay one-half the cost of laying the lateral pipe to the southwest corner of his lot and for the placing of the stop box.   Defendant swore he did not agree to pay for any part of the work, but instead refused to make any agreement because the only proposition submitted by plaintiff was to charge him $33.30, and he thought it was too high; or to use his expression, "robbery."   He denied that after the interview between him and plaintiff in which said price was submitted, an agreement was made by telephone, as plaintiff swore, by which he was to defray a portion of the expense of piping the water to the southwest corner of his lot.   In ex-

Ferris v. Edmonston.

planation of the direction to plaintiff's workman to put in a stop box at that point, he swore that what he said to the workman was: "I would want it out there at the corner;" meaning we suppose, that if he had a stop box put in he would wish it located at the southwest corner, but that he did not intend to order one. After the completion of the job defendant refused to pay anything and plaintiff sued him and obtained a verdict for $13.75.

The first point made for reversal is that the court permitted evidence to be given tending to show an implied contract, though the complaint declared on an express one. The substance of the allegation is that if plaintiff would furnish the material and lay piping from the main in Central avenue, along the east side of Clark avenue past defendant's property, and put in a stop box in front of it, defendant "would pay plaintiff his proportional part for extending said water service, and laying the pipe, and putting in said stop box for the use of defendant by and at his said property;" that relying on this promise plaintiff extended the water pipe past defendant's property and put in a stop box for his use, and his proportional cost for the work was $27.90, as shown by an itemized account filed with the complaint. This pleading is on a contract express in all its parts. No precise sum was agreed to be paid by defendant, but in lieu of an agreed sum defendant promised to pay his part of the cost of putting in the lateral pipe to his property and the stop box for his use. We consider it an express contract; because all its terms were settled by agreement, even what defendant was to pay, namely; his proportional part of the expense. What this amount was to be could not be determined in dollars and cents until the work was done, and in this contingency the law protected defendant against an unreasonable charge, due either to fraud on the part of plaintiff, or his lack

of skill or care.   The court received evidence to prove both what the work cost and its reasonable value, as was proper.

Defendant insists there was no substantial evidence conducing to prove the minds of the parties met and, therefore, the cause was erroneously submitted to the jury.   Plaintiff swore he and the defendant agreed on a contract according to the terms alleged in the complaint.   To sustain the contention that there was lack of evidence to show a meeting of minds, we would have to treat plaintiff's testimony as of no weight.   Besides he was corroborated by the testimony of his workman that defendant directed where the stop box should be put.

Defendant requested an instruction stating that a contract is a meeting of the minds of the parties concerning the subject-matter, and unless the jury found the minds of plaintiff and defendant agreed, the verdict should be for defendant.   This instruction was refused and error is claimed because of the ruling.   But other instructions expressing the same proposition in a form pertinent to the facts of the particular case were given; thus making the refusal of the one in question harmless error.   Indeed the first instruction granted to defendant was practically identical with the refused one; for it told the jury it devolved on the plaintiff to prove an agreement by defendant to pay for the work sued for and that unless it was so agreed, the verdict must be for defendant.   An instruction that the jury should find for defendant if they believed plaintiff agreed and contracted with Mrs. Norris to put in the whole pipe and she had paid him for it was refused in that form and given with an amendment which required a finding that she had paid, not only for all the piping, but for defendant's stop box, to entitle him to a verdict on the theory that plaintiff had been paid for all the work done by him. There  was proof that defendant had ordered the stop box

but none that Mrs. Norris had paid for it. Nevertheless the instruction given could not have prejudiced defendant. He was not entitled to a verdict merely because Mrs. Norris had ordered and paid for all the piping, if he had ordered the stop box; and telling the jury he was entitled to one if she had paid in full for both the piping and the box erred, at most, in his favor by allowing the jury to find Mrs. Norris had paid for the box, though there was no proof that she had. The issues in this case were quite simple. They included nothing more than whether plaintiff and defendant came to an agreement that plaintiff should lay a pipe from the main northward and put in a stop box at defendant's corner and defendant would pay his part of the reasonable cost of that work. The instructions granted for both parties, though more copious than the case required, contain no reversible error and the judgment will be affirmed. It is so ordered. All concur.